UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

LINDA C. JAMES,
        Plaintiff,

v.

CAROLYN W. COLVIN, Acting
Commissioner of Social Security,
        Defendant.

**DECISION & ORDER**
16-cv-6034

---

    Plaintiff Linda C. James ("plaintiff" or "James") brings this action pursuant to Title II and Title XVI of the Social Security Act seeking review of the final decision of the Commissioner of Social Security (the "Commissioner") denying her application for disability insurance benefits. See Complaint (Docket # 1). Presently before the Court are competing motions for judgment on the pleadings. See Docket ## 11, 15. This Decision & Order confirms the oral decision I issued on the record during oral argument on January 24, 2017.

    Contrary to plaintiff's arguments, the Commissioner adequately addressed opinion evidence from the plaintiff's treating orthopedic surgeon in October 2014 that was submitted to the appeals council after the ALJ had rendered her decision, and which would have limited plaintiff to working no more than six hours every other day. The appeals council will only review additional evidence "that is new, material, and relates to the period on or before the date of the hearing decision, and there

1

is a reasonable probability that the additional evidence would change the outcome of the decision." 20 C.F.R. § 404.970(a)(5). The limitation contained in the October letter, in addition to being submitted after the ALJ rendered her decision, was <u>more generous</u> in the hours per day plaintiff could work than the limitations plaintiff's treating orthopedic surgeon previously gave in June 2012 and May 2014. Because the newly submitted evidence was actually more favorable to the plaintiff's ability to work than the treating source opinions that the ALJ considered but discounted, there is no basis for this Court to find that the new material was likely to have led the Commissioner to reach a different determination than the ALJ.

Similarly, the ALJ's determination that plaintiff would need to change positions every 60 minutes was supported by substantial evidence, including testimony from the plaintiff herself that she was able to work six hour standing shifts (with a 30 minute break) as a food demonstrator and that she could drive from Rochester to Syracuse without stopping -- a trip of at least 90 minutes. Moreover, the vocational expert, in response to questions from plaintiff's counsel, testified that even if plaintiff had to change positions every 15 minutes, there would still be light work jobs in the national economy that she could perform.

For all these reasons, and for those stated on the record, I find that there is substantial evidence in the record to support the Commissioner's decision that the plaintiff is not entitled to an award of disability benefits. Therefore, the Commissioner's motion for judgment on the pleadings (Docket # 15) is **granted** and plaintiff's motion (Docket # 11) is **denied**.

                                            _____
                                            JONATHAN W. FELDMAN
                                            United States Magistrate Judge

Dated:   January 25, 2017
             Rochester, New York